## 5739. REYNOLDS BANKING CO. *v.* PEEBLES & CO.

"Where a judgment is obtained against a defendant in a county other than that of his residence, and in a county in which his personal property is located, it becomes from the time of its rendition a lien on such property, under the general provisions of section 5946 of the Code of 1910, and does not fall within any of the exceptions to the provisions of that section. Hence the holder of such judgment, though it be unrecorded, has priority over a purchaser of the property from the defendant in the judgment who buys subsequently to the rendition of the judgment, but without notice thereof." *Reynolds Banking Co.* v. *Peebles & Co.,* 142 *Ga.* 615 (83 S. E. 229).

DECIDED NOVEMBER 17, 1914.

Appeal; from Taylor superior court—Judge Gilbert. April 20, 1914.

*W. F. Weaver,* for plaintiff in error. *C. W. Foy,* contra.

WADE, J. A judgment was obtained in Taylor county, Georgia, against Cary Mimms and Henry Mimms, residents of that county, and H. H. Waters and Ellis Waters, residents of Randolph county, Georgia; and a levy under an execution issued thereon was made on personal property of H. H. Waters and Ellis Waters (Waters Brothers) in Taylor county. The property levied upon had been purchased from Waters Brothers by the Reynolds Banking Company in Taylor county, without notice of the judgment, 10 days after its rendition, the property being taken and applied at an

agreed value on a pre-existing debt due the banking company by Waters Brothers. The execution was never recorded. The question raised under the above statement of facts was certified by this court to the Supreme Court, and instruction requested, as follows: "Where a judgment against joint defendants was rendered outside the county in which two of them resided, and ten days later, in the county in which the judgment was rendered, personal property of these two was sold by them to a creditor, who took it in satisfaction of a pre-existing debt and without notice of the judgment, and subsequently, in the same county and in less than thirty days from the date of the judgment, an execution based on it, which had never been recorded, was levied on this property, was the purchasing creditor protected from the lien of the judgment? Instruction is desired as to the application of section 3321 or section 3322 of the Civil Code to these facts. Is this case thereby rendered an exception to the general rule stated in section 5946, to the effect that all judgments obtained in this State shall bind all property of the defendant from the date of the judgment, 'except as otherwise provided in this code'?"

Under the decision of the Supreme Court, stated in the headnote of this decision, the case at bar does not fall within the application of section 3321 or of section 3322 of the Civil Code, and is not thereby rendered an exception to the general rule stated in section 5946 of the Civil Code, to the effect that all judgments obtained in this State shall bind all property of the defendant from the date of the judgment.

The judgment of the court below is therefore

*Affirmed. Broyles, J., not presiding.*